UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRIS NEESE BLACKMAN,<br><br>      Plaintiff,<br><br>  v.<br><br>OMAK SCHOOL DISTRICT and KENNETH ERIK SWANSON,<br><br>      Defendants. | NO. 2:18-CV-0338-TOR<br><br>ORDER DECLINING SUPPLEMENTAL JURISDICTION AND ORDER OF DISMISSAL |

*SUA SPONTE*, THE COURT raises the issue of its continuing jurisdiction over the only remaining claim in this case. The Court has reviewed the record and files herein, and is fully informed.

**BACKGROUND FACTS**

This case concerns Plaintiff's employment as principle of Omak Middle School ("OMS"). In April 2016, Dr. Blackman was hired to serve as principal of OMS, with the position to begin on July 1, 2016. At the end of the 2016-2017 school year, Dr. Swanson evaluated Dr. Blackman's overall performance as

ORDER DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSAL ~ 1

Proficient.  Dr. Blackman's contract was renewed for the 2017-2018 school year.  In January 2017, Dr. Blackman established care with a healthcare provider and discussed the stress she was experiencing at work.  Dr. Blackman was diagnosed with depression and anxiety and was prescribed Fluoxetine (Prozac) to treat mental health issues related to workplace stress.  By October 2017, Dr. Blackman's healthcare provider increased her medication.  Following a November 30, 2017 meeting, Plaintiff was placed on administrative leave for the rest of the school year and was paid in full under her contract.

The only claim remaining from Plaintiff's Amended Complaint filed June 18, 2019, is her disparate treatment claim under the WLAD.  ECF No. 16 at 22, ¶¶ 102 *et seq*.  On summary judgment, Defendants contend Plaintiff was never subject to an adverse employment action.  ECF No. 28 at 24.  However, for the purposes of a WLAD claim, "[a]n adverse employment action involves a change in employment conditions that is more than an inconvenience or alteration of one's job responsibilities, such as reducing an employee's workload and pay."  *Alonso v. Qwest Comm's Co., LLC*, 178 Wash. App. 734, 746 (2013).  Whether an action "is materially adverse depends on the circumstances of the particular case, and 'should be judged from the perspective of a reasonable person in the plaintiff's position.'"  *Tyner v. State*, 137 Wash. App. 545, 565 (2007).  Accordingly, this Court did not

ORDER DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSAL ~ 2

grant Defendants summary judgment on this claim.  All of Plaintiff's other claims, including every federal claim, have been dismissed.  *See* ECF Nos. 66, 96, 101.

## DISCUSSION

**A. Supplemental Jurisdiction**

A federal court has supplemental jurisdiction over pendent state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).  "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together."  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).  Once the court acquires supplemental jurisdiction over state law claims, § 1367(c) provides that the court may decline to exercise jurisdiction if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Indeed, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie–Mellon Univ.*

1    *v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded on other grounds by statute as

2    stated in *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see*

3    *also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

4          Here, the Court declines to retain supplemental jurisdiction for several

5    reasons.  First, the Court has determined that Defendants were entitled to summary

6    judgment on Plaintiff's federal claims over which the Court had original

7    jurisdiction, and this triggers the Court's discretion to decline exercising

8    supplemental jurisdiction.  28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817,

9    826 (9th Cir. 2001) (finding that a district court did not abuse its discretion by

10   declining to exercise supplemental jurisdiction over the remaining state law claims

11   when federal claims were dismissed).

12         Second, because this case is still waiting for the ability to conduct a jury

13   trial, the parties will not be greatly inconvenienced by the Court's decision to

14   decline jurisdiction.  If Plaintiff chooses to refile in state court, the parties'

15   completed discovery can easily be utilized in that forum.  Further, the period of

16   limitation for Plaintiff's remaining state law claims is tolled for thirty days after the

17   claims are dismissed unless Washington law provides for a longer tolling period.

18   *See* 28 U.S.C. § 1367(d).

19

20

ORDER DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSAL ~ 4

Third, state court is a particularly appropriate forum in which to address Plaintiff's remaining state law claim under the Washington Law Against Discrimination ("WLAD").

The values of judicial economy, convenience to the parties, fairness, and comity would be no more advanced by retaining the case in this Court than by the parties resolving the state law claims in state court.

For all of these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.  *See* 28 U.S.C. § 1367(c)(3).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's state law claim brought under the Washington Law Against Discrimination is **DISMISSED** under 28 U.S.C. § 1367(c)(3), without prejudice.

2. All remaining motions, hearings and trial are **VACATED** as moot.

The District Court Executive is directed to enter this Order, enter Judgment accordingly, provide copies to counsel, and close the file.

**DATED** February 16, 2021.



THOMAS O. RICE
United States District Judge

ORDER DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSAL ~ 5